HYMAN ISAACS' SONS COMPANY (A CORPORATION OF NEW JERSEY), PLAINTIFF, v. S. S. THOMPSON AND COMPANY (A CORPORATION OF NEW JERSEY), DEFENDANT.

Submitted October 18, 1930—Decided June 1, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Francis A. Gordon.*

*Contra, Quinn, Parsons & Doremus (Theodore D. Parsons,* of counsel).

PER CURIAM.

This is plaintiff's rule to show cause why defendant's verdict of no cause of action should not be set aside.

The plaintiff was engaged in the scrap iron business. The defendant was a general contractor. Between October, 1928, and January, 1929, defendant was engaged in the erection of a bascule bridge at Matawan for the state highway department. The bridge was one with one long leaf counterbalanced by a short leaf and designed to operate through the fact that the short leaf, with its counter-weight, exactly balanced the long leaf. The counter-weight consisted of concrete weighted by steel of the type known as steel punchings, and such counter-weight was required to be very nicely weighted, and a record kept of the component parts from which the

builder could determine the exact amount of weight which had been placed.

It appears that the proofs indicated that in September, 1928, the contractor ordered from the plaintiff two hundred tons of the punchings at $16 per net ton. These were delivered to the contractor. On each delivery the plaintiff weighed the empty truck and then weighed the loaded truck. Admittedly, each truck changed in weight from time to time due more or less to equipment, gasoline and refuse, and plaintiff seems to have made no allowance for this.

After the trucks were loaded the drivers of the defendant drove the trucks to Matawan where the bridge was, and where the trucks were unloaded. Here the material remained under the supervision of the state highway engineers and the night watchman of the defendant. That material was used in making the counterweight. The evidence tends to show that every bit of the material was weighed as the counter-weight was constructed. Additional material became necessary in excess of the two hundred tons. This was ordered from the plaintiff and was likewise weighed and handled and used.

The plaintiff rendered a bill to the defendant claiming that there had been delivered to the defendant two hundred and ninety-five tons of punchings. Payments were made on account of this bill. Upon a checking up, according to defendant's proof, the amount used was only two hundred and fifty-five tons. Defendant refused to pay the bill rendered. The plaintiff brought this suit and the jury decided against it.

For the plaintiff, Hyman Isaacs and his brother each testified that they weighed the punchings at their yard and that the weights gave a total of two hundred and ninety-five tons.

The defendant then placed upon the stand each and every one of the truck drivers, who testified to their system of checking, and the state highway engineer, who supervised the weighing.

The suit was brought for $577.80, which seems to represent the difference between the plaintiff's calculation and the defendant's calculation, being the claimed balance.

It is claimed by the plaintiff that the verdict in favor of the defendant is against the clear weight of the evidence and the charge of the court.

Our examination of the case leads us to the conclusion that the verdict cannot be said to be against the weight of the evidence, and that it is not against the charge of the court. The court fairly reviewed the conflicting evidence in his charge, and finally said, amongst other things: "It is for you to say which of this testimony bears the greater weight in your mind * * * and your verdict will be according to what you believe in that case."

The rule to show cause will be discharged, with costs.